IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

IN RE:

FARR MANUFACTURING AND             Case No. 05-40315
ENGINEERING COMPANY,               Chapter 11 Reorganization
Debtor-in-Possession.


FARR MANUFACTURING AND
ENGINEERING COMPANY,
Plaintiff,

v.                                 A. P. No. 05-4029

KENNETH D. MERRITT,
SHERIFF OF WOOD COUNTY,
Defendant.


## ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT AND DENYING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT

This matter is before the Court pursuant to the Motion for Summary Judgment filed by the Plaintiff and the Defendant's Cross Motion for Summary Judgment. The following facts have been stipulated to by the parties:


1. The Plaintiff filed a Chapter 11 Petition for Reorganzation on June 7, 2005, and remains the Debtor in Possession of its property.


2. The Plaintiff has not filed a Plan of Reorganization.


3. The Plaintiff owns several vehicles, including a 1986 Chevrolet truck, all of which were assessed for 2004 personal property taxes by the Sheriff of Wood County, the Defendant.


4. The Plaintiff has not paid any of its 2004 personal property tax obligation, the full

1

WRITTEN OPINION

balance of which became delinquent on April 1, 2005.

5. Following the filing of the Petition for Reorganization on June 7, 2005, the Plaintiff attempted to remit payment of its 2005 personal property taxes for the 1986 Chevrolet truck.

6. The Defendant refused to accept payment of the 2005 personal property taxes on the grounds that the Plaintiff's tax ticket for 2004 was unpaid.

7. The Defendant's entitlement to payment of the 2004 personal property taxes is a claim as defined by *11 U.S.C. § 101(5)*, and said claim arose before the filing of the Chapter 11 Petition.

8. The 2004 personal property taxes due on several pieces of equipment, including the 1986 Chevrolet truck, totals $19,550.54.

9. In its Plan of Reorganization, the Plaintiff intends to include the unpaid 2004 taxes as a pre-petition priority claim.

10. The Plaintiff has requested that it be permitted to pay the Defendant that portion of the 2004 tax ticket that represents the assessment of the 1986 Chevrolet truck only.

11. The Plaintiff further requested that the Defendant be ordered, as a statutory agent acting on behalf of the West Virginia Division of Motor Vehicles, to process Plaintiff's application for renewal of the registration for the 1986 Chevrolet truck.

12. Citing *West Virginia Code* § 11A-1-7 and a lack of authority to act, the Defendant has refused to accept less than the entire amount due under the 2004 tax ticket.

13. According to the Defendant, in order to renew the registration on the 1986 Chevrolet

truck for the 2005-2006 year, the Plaintiff must remit the total amount due under the 2004 tax ticket, or $19,550.54.

After careful consideration of the above-stated stipulated facts, the Court makes the following legal conclusions:

1. A voluntary petition filed under Chapter 11 operates as an automatic stay, applicable to all entities . . . of any act to collect, assess, or recover a claim against the debtor that arose before the commencement of the case. *11 U.S.C. § 362(a)(6).*

2. The Plaintiff's obligation to remit its 2004 personal property taxes arose before the filing of the Chapter 11 Petition for Reorganization.

3. The Plaintiff's 2004 property taxes are a pre-petition claim of the Defendant Sheriff, as defined by *11 U.S.C. § 101(5)*, and may not be paid outside of the Plaintiff's Plan for Reorganization.

4. The Defendant relies upon *West Virginia Code* § 11A-1-7, which states, in relevant part, that the Sheriff "shall decline to receive current taxes on any land or personal property where it appears to his or her office that a prior year's taxes are unpaid."

5. In a case that dealt specifically with the Bankruptcy Code's preemption of a Pennsylvania wage collection statute, the Court noted that "owing to the supremacy clause, federal bankruptcy law preempts state law; as one of Congress' enumerated powers, the power to enact bankruptcy laws is limited only by the substantive guarantees contained in the Constitution." *In Re Shenango Group, Inc.*, 186 B.R. 623, at 626-627.

6. The West Virginia statute relied upon by the Defendant to prohibit the Plaintiff's payment of its 2005 taxes is preempted by the Bankruptcy Code which bars a debtor from

making payments on pre-petition obligations outside of the confirmed Plan of Reorganization.

WHEREFORE, the Court finds that there are no genuine issues of material fact remaining and that the provisions of the Bankruptcy Code govern whether the Plaintiff must pay its pre-petition personal property taxes before being allowed to renew its registration of the 1986 Chevrolet truck.

ACCORDINGLY, the Court hereby GRANTS the Plaintiff's Motion for Summary Judgment. The Court ORDERS the Defendant to accept payment of Plaintiff's current personal property tax obligation on the 1986 Chevrolet truck and to process its application for renewal of the vehicle's registration.

FURTHERMORE, the Defendant's Motion for Summary Judgment is hereby DENIED.

ENTERED:       8/30/06

                                                _____
                                                RONALD G. PEARSON